■ ELEANOR HISLER, Respondent, v STEPHEN B. HISLER, Appellant.—In a matrimonial action, defendant appeals from a judgment of divorce of the Supreme Court, Queens County, dated January 7, 1976. A purported appeal by defendant from an undescribed order of the same court, dated August 5, 1975, has apparently been abandoned. Judgment affirmed, without costs or disbursements. The judgment was amply supported by the evidence. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of ALFRED ANDERSON, Petitioner, v LOUIS J. FRANK, as Commissioner of the Police Department of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated December 2, 1975 and made after a hearing, which found petitioner guilty of certain misconduct and fined him five days' pay. Determination confirmed and proceeding dismissed on the merits, with $50 costs and disbursements. In our opinion, the determination of the respondent has support in the record and should not be disturbed. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of GARV REALTY CORP., Appellant, v TAYLOR D. GIFFORD, as Assessor of the Town of Babylon, et al., Respondents.—In a proceeding to review the assessment of certain real property for the tax year 1975–1976, petitioner appeals from an order of the Supreme Court, Suffolk County, dated February 19, 1976, which granted respondents' motion to dismiss the petition as untimely. Order affirmed, without costs or disbursements. This proceeding was not commenced within 30 days after notice was given of the completion and filing of the assessment roll (see Real Property Tax Law, § 702, subd 2). The petition of the assessor pursuant to section 553 of the Real Property Tax Law to correct a clerical error in the assessment of the petitioner's property, did not open the whole question of the assessment to review. Section 553 (subd 3, par [b]) of the Real Property Tax Law gives a board of assessment review the powers contained in section 512 of the said law only as to the review of an assessor's petition to correct. The notice to the property owner contained in the notice of special meeting, inviting relevant information pertaining to the correction of the assessment, is also limited to information relevant to that proceeding to correct. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.